## Case No. 2,967.

### In re COHN.

[7 N. B. R. 31; 29 Leg. Int. 309; 5 Chi. Leg. News, 13; 6 Alb. Law J. 276; 20 Pittsb. Leg. J. 29.] [1]

District Court, D. New Jersey. 1872.

#### ACT OF BANKRUPTCY—IMPRISONMENT UNDER MESNE PROCESS.

A was arrested on mesne process issued out of a state court, and actually imprisoned thereon for a period exceeding seven days. The judge of the state court, before whom the matter was afterward brought, decided that the order by the commissioner on which A was imprisoned was improvidently made, and ordered A.'s release on entering common bail, or an appearance to the action. After A had remained imprisoned more than seven days, and before the judge decided the order to have been improperly granted, a petition in bankruptcy was filed against A. *Held*, that the imprisonment being submitted to for more than seven days before an effort at liberation was made, became an act of bankruptcy.

In bankruptcy.

Mr. Randolph, for petitioning creditors.
Mr. Fleming, for alleged bankrupt.

NIXON, District Judge. A creditor's petition was filed in this case against the alleged bankrupt on the thirtieth of January, eighteen hundred and seventy-two. The issues raised by the denial of bankruptcy have been tried by this court. No question has been made about the validity of the petitioning creditor's debt; it is admitted to exceed two hundred and fifty dollars, to wit: the sum of five hundred and two dollars and fifty cents for goods, wares and merchandise, sold and delivered to the debtor by the petitioning creditor, that is a debt founded upon a demand in its nature provable against the bankrupt's estate under the act, and also a debt founded on a contract between the parties. It only remains for me to consider the acts of bankruptcy alleged in the petition, and inquire whether they or either of them, have been proved. These are stated by the petitioning creditors in the following words: First. "That the said Bernard Cohn has been arrested and held in custody under and by

¹ [Reprinted from 7 N. B. R. 31, by permission. 6 Alb. Law J. 276, and 20 Pittsb. Leg. J. 29, contain only partial reports.]

virtue of mesne process, issued out of the circuit court in and for Hudson county, at suit of Samuel Levy and others, on the twenty-second day of January, inst.; and that he has been actually imprisoned for more than seven days in the said action, which was a civil action, founded on contract for the sum of three thousand five hundred dollars and upwards." Second. "That the said Bernard Cohn has been arrested and held in custody under and by virtue of mesne process, issued out of the circuit court in and for Hudson county, at suit of Abraham Levy and others, on the twenty-second day of January, inst.; and that he has been actually imprisoned for more than seven days in the said action, which was a civil action founded on contract for the sum of six hundred and fifty dollars and upwards." Third. "That the said Bernard Cohn, being a merchant and trader, has fraudulently stopped payment of all debts owing by him to various creditors in New York. That the said creditors are wholesale dealers, from whom said Cohn has at various times purchased stock, goods, wares and merchandise for his, the said Cohn's, business in New Jersey. That for the last four months, as these petitioners are informed and believe, the said Cohn has altogether neglected and refused to pay any of said creditors, and that he has, during that period, been constantly engaged in retail trade in Jersey City, and has sold large quantities of the goods, wares and merchandise so purchased by him as aforesaid, and has received therefor large sums of money at various times." As the acts stated in this last allegation, even if true, are not made acts of bankruptcy by the laws, it may be dismissed from consideration. The fraudulent stopping of the payment of commercial paper by merchants or traders is quite a different thing in the routine of commercial life to the vague charge of fraudulently stopping the payment of all debts owing by him. If, therefore, the debtor may be adjudged a bankrupt upon these proceedings, it is because an act of bankruptcy is stated in the first or second allegations, and because the proofs sustain the allegation. As they refer to the same acts of bankruptcy, although to different transactions, as they are stated in the same phraseology, and as the proofs are the same in each case, they may be properly considered together.

The charge is, that the debtor has committed the sixth and seventh acts of bankruptcy, enumerated in the thirty-ninth section of the bankrupt law [of 1867 (14 Stat. 536)]. That section, divested of the parts not applicable to the present inquiry, reads thus: "That any person, residing and owing debts as aforesaid, who, after the passage of this act, * * * has been arrested and held in custody under and by virtue of mesne process of execution, issued out of any court of any state, district or territory within which such

debtor resides or has property, founded upon a demand in its nature provable against a bankrupt's estate under this act, and for a sum exceeding one hundred dollars, and such process is remaining in force and not discharged by payment, or in any other manner provided by the law of such state, district or territory applicable thereto for a period of seven days, or has been actually imprisoned for more than seven days in a civil action founded on contract, for the sum of one hundred dollars and upwards, * * * shall be deemed to have committed an act of bankruptcy, and * * * shall be adjudged a bankrupt on the petition of one or more of his creditors, the aggregate of whose debts, provable under this act, amount to at least two hundred and fifty dollars, provided such petition is brought within six months after the act of bankruptcy shall have been committed."

The facts of the case are here: The alleged bankrupt has been for some years past a merchant, residing and carrying on business in Jersey City. He was indebted in large amounts to merchants in New York, who became alarmed for the security of their claims. The demand of Levy Brothers & Co. was three thousand five hundred and ninety-four dollars and eighty cents, and that of A. Levy & Bro. seven hundred and fourteen dollars and eighty cents. Instead of bringing suit by summons against their debtor, they made application to a New Jersey supreme court commissioner, living in Jersey City, for an order to hold the defendant to bail, by virtue of the provisions of an act entitled "An act respecting imprisonment for debts in cases of fraud." Nixon, Dig. 385. Upon the proofs then and there made, the commissioner certified that the defendant, Cohn, was indebted to the plaintiff in the above stated sums respectively, and that he was satisfied "he was about to assign, remove and dispose of his property with intent to defraud his creditors." As the claims were distinct, although the proofs were substantially the same, he made separate orders; in the one case, directing the defendant to be held to bail in the sum of three thousand five hundred and ninety-four dollars and eighty cents, and that a capias ad respondendum issue against him at the suit of Levy Brothers & Co.; and in the other, that he be held to bail in the sum of six hundred and ninety-five dollars and thirty-eight cents, and a like capias at the suit of A. Levy & Brother. The orders and affidavits were filed in the office of the clerk, according to law, writs of capias ad respondendum issued and delivered to the sheriff of the county of Hudson, and the debtor arrested and committed to custody in the jail of said county, on the twenty-second day of January, last past. He continued under arrest and in actual imprisonment until the fifth day of February, following, when his Hon. Justice Beadle, of the circuit court, in which the suits were pending, after an argument of a motion before him to set aside the orders to hold to bail, determined that the commissioner had improvidently made the orders, and that the defendant should be discharged from arrest in each case, upon entering common bail, or an appearance to the action. In the meantime, after the expiration of seven days from the arrest, whilst the debtor was still in custody, and before the motion for his discharge was heard by the judge, to wit: on the thirtieth day of January, last, Moses S. Herman & Co., other creditors of the alleged bankrupts, filed their petition in this court, praying for an order of adjudication against him, and alleging the arrest and continued imprisonment in these cases for upwards of seven days as acts of bankruptcy. A rule to show cause was granted, returnable on the sixth day of February, inst., and on the return day, the defendant appeared by counsel, put in his denial, and now relies upon the order of Beadle, J., discharging him from arrest, as a ground for relief from the legal effects and consequences of the acts of bankruptcy committed.

The acts of bankruptcy stated in the petition are new in this country, and were not included in the act of eighteen hundred and forty-one [5 Stat. 440]. They have been taken from the English bankrupt acts, but have lessened the time for holding the parties in custody from twenty-one days to seven days. Section 12 (13 Vict. c. 106, § 39). If any judicial construction has been given to either of them, in any of the districts, the fact has escaped my observation, and I am compelled to examine the case as one of first impression. It is not necessary that I should advert to the distinction which the statute seems to make between being "held in custody for the period of seven days," and being "actually imprisoned for more than seven days," nor to the difference in the nature and character of the debt on which the proceedings depend—the one case requiring the process to be founded upon a demand in its nature provable against the bankrupt's estate under the act, and for a sum exceeding one hundred dollars, and the other only stipulating that it shall be a civil action founded on contract for the like sum; because these elements and conditions, the arrest, the custody, the actual imprisonment for more than seven days, the cause of action springing from contract, and in its nature provable against the bankrupt's estate, all join and exist in the case under consideration. All the facts proved or admitted bring it precisely within the letter of the law. The defendant has been arrested and held in custody under a mesne process issued out of a court of a state within which the debtor resides and has property. The demand, in respect to which the process issued, is in its nature provable against the

estate of the debtor, if adjudged bankrupt, and exceeds the sum of one hundred dollars. The process remained in force, and was not dicharged by payment or in any other manner provided by law for the period of seven days. Actual imprisonment for more than seven days resulted in a civil action founded on contract, for the sum of one hundred dollars and upwards.

But the allegation is, that although the case falls within the letter of the law, it is outside of its spirit. That as the judge ultimately set aside the order for arrest as improvidently made, and discharged the defendant on common bail, the imprisonment was illegal from the start, and that no act of bankruptcy can be predicated upon an illegal arrest. There is more than one answer to the allegation.

1. The capias, upon which the defendant was arrested and held in custody, was not void, but voidable. It was prima facie good, being issued under and according to all the forms of law. It was founded upon an order made by an officer authorised by the law to exercise his discretion on the affidavit and proofs laid before him. The defendant voluntarily submitted to the imprisonment for the full period of seven days, before he asked for a hearing to test the legality; then he did not seek to quash the writ as a void proceeding, but claimed in effect that he ought to be discharged upon common bail, because the discretion of the commissioner had not been wisely exercised. Not being void, but at best only voidable, was it not a legal arrest until set aside? and before it was set aside, had not the acts of bankruptcy charged in the petition been committed by the debtor?

2. What is the meaning of the clause in the thirty-ninth section, limiting the time to seven days in which the debtor under arrest may discharge the process by which he is held in custody, if a discharge after seven days may be set up by him to avoid the act of bankruptcy? Does it not clearly imply that if he voluntarily submits to an arrest good upon its face for that period of time, he shall then be estopped from pleading that such imprisonment is not a confession of insolvency? For,

3. It must be borne in mind, that the principle on which the arrest and yielding to an actual imprisonment for seven days constitute acts of bankruptcy, is, that they afford proof of the debtor's insolvency, Barnard v. Palmer, 1 Camp. 510. The proceedings must be at his home, or where his property lies. If he is not insolvent, the law presumes that seven days time is long enough for him, either to pay the debt, to procure bail to the action, or, if he deem the arrest unlawful, to have its lawfulness tested before the proper tribunal. If he neglects or delays within that time to obtain his discharge from duress in either of these ways, he commits

the acts of bankruptcy defined in the statute. He acknowledges his insolvency by such delay, and it is the duty of the court of bankruptcy to take charge of his estate for administration under the law.

Let an order of adjudication be made.